IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL REED                                                                                          PLAINTIFF

v.                                         Case No. 2:11-CV-02135 PKH

MALONE'S MECHANICAL, INC.,
an Arkansas Corporation;
and MICHAEL JACOBS                                     DEFENDANTS/THIRD PARTY PLAINTIFFS

v.

GILBERT PROJECT SERVICES, INC.                                        THIRD PARTY DEFENDANT

**OPINION AND ORDER**

Currently before the Court are the Third Party Defendant's Motion to Dismiss (Doc. 8), Amended Motion to Dismiss (Doc. 9) and brief in support (Doc. 10) as well as the Third Party Plaintiffs' Response to the Amended Motion to Dismiss (Doc. 13), and brief in support (Doc. 14). The Third Party Defendant moves to dismiss the Third Party Complaint (Doc. 6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the Amended Motion to Dismiss (Doc. 9) is **DENIED.**

**I. Background**

Plaintiff Michael Reed ("Reed") filed a Complaint (Doc. 1) against Defendants Malone's Mechanical, Inc. and Michael Jacobs (collectively "Malone's") arising out of an accident that occurred at the Simmons Foods, Inc. ("Simmons") plant on June 4, 2006. Reed was an employee of FMC Food Tech ("FMC") working at the Simmons plant pursuant to a contract between FMC and Simmons. At the same time, Michael Jacobs, an employee of Malone's Mechanical, Inc., was also working at the Simmons job site performing overhead duct work. The Complaint alleges that

Malone's was negligent in failing to properly secure piping saddles and in failing to warn of its intentions to perform overhead work above the area where Reed was working.  Reed alleges that he was injured when a piping saddle fell approximately ten feet and struck him in the head.  The Complaint was filed in this case on July 22, 2011, after having been dismissed without prejudice in a previous action.  *Reed v. Malone's Mechanical, Inc.* ("Reed I"), No. 09-CV-02061 at Doc. 81 (W.D. Ark. 2010).

Malone's properly filed a Third Party Complaint (Doc. 6) against the Third Party Defendant, Gilbert Project Service, Inc., ("Gilbert") within 14 days of having filed its Answer to the Complaint. Fed. R. Civ. P. 14(a)(1).  Malone's alleges that Gilbert was the project manager and supervisor of the construction activity at the Simmons plant at the time Reed was injured, and was negligent in failing to make provisions for accident prevention or for the protection of employees on the job site. Malone's claims they are entitled to judgment over and against Gilbert for contribution, and are entitled to an apportionment of fault between the parties under Ark. Code Ann. § 16-55-201.  Gilbert filed an Answer to the Third Party Complaint and incorporated Motion to Dismiss (Doc. 8) raising the defense of statute of limitations and moving to dismiss the Third Party Complaint for failure to state a claim upon which relief can be granted.  Gilbert then filed an Amended Motion to Dismiss (Doc. 9) as a separate motion in compliance with Local Rule 7.2(e) likewise seeking dismissal of the Third Party Complaint for failure to state a claim.

The issues raised in the Amended Motion to Dismiss were dealt with in two motions in the previous case between the parties, *Reed I*.  First, Malone's attempted to bring a Third Party Complaint against Gilbert on the same legal theory as in this case, but the district court denied Malone's Motion for leave to file the Third Party Complaint.  *Reed I,* No. 09-CV-02061 at Doc. 37.

The district court found that Malone's claims against Gilbert were barred by the statute of limitations. The court reasoned that Malone's liability in the case was several with the effect being that Malone's could assert no viable claim against Gilbert for contribution. Second, Malone's attempted to make Gilbert a party in *Reed I* by seeking joinder under Fed. R. Civ. P. 19 and 20. The district court denied the Motion for Joinder, finding that Gilbert was not an indispensable party to the litigation. *Id.* at Doc. 57.

Gilbert asserts that the issues in this case have, thus, been decided and that the doctrine of the law of the case effectively precludes the Court from reviewing those previous orders. "Law of the case is a doctrine of discretion which provides that when a court decides upon a rule of law, that decision should continue to govern the same issues *in subsequent stages in the same case*." *Harbor Ins. Co. v. Essman*, 918 F.2d 734, 738 (8th Cir. 1990) (internal quotations omitted) (emphasis in original). Because the instant case is not the same case as *Reed I*, the law of the case doctrine does not apply. *Id*. Furthermore, even if the doctrine did apply, it would not foreclose the court from correcting its errors. *Id*.

## II. Discussion

Malone's filed its Third Party Complaint in this action pursuant to Rules 8(e), 14, 19 and 20 of the Federal Rules of Civil Procedure, and pursuant to Ark. Code Ann. § 16-111-101, *et seq*. Since the Third Party Complaint was filed within 14 days of serving its Answer to the Complaint, Malone's did not have to seek leave of court to file the Third Party Complaint. Fed. R. Civ. P. 14(a)(1). This action, therefore, differs from *Reed I* in that Gilbert was properly made a party in this case under the federal rules of third party practice. The remaining material facts and law, however, remain the same. As in the previous litigation, all claims of negligence against Gilbert arising out

of the accident are barred by the statute of limitations,[1] and under Arkansas law there is only several liability among joint tortfeasors in personal injury actions.

While it would first appear, as the court reasoned in *Reed I*, that the foregoing facts and law would preclude further analysis and result in granting the Amended Motion to Dismiss, the Court believes there is a question as to whether Malone's has a valid third party claim against Gilbert for contribution under the Uniform Contribution Among Tortfeasor's Act ("the UCATA"), Ark. Code Ann. § 16-61-202, *et seq.* If there does exist a right of contribution, notwithstanding the abolition of joint liability in personal injury actions, the Court must next inquire whether there is, then, an available mechanism as contemplated by the Arkansas legislature under the Civil Justice Reform Act ("the CJRA"), Ark. Code Ann. § 16-55-201, for the allocation of fault among the parties in this case. Finally, if the Court finds that allocation of fault among all parties is appropriate, the Court must determine if such allocation can be reconciled with the provisions of Arkansas' comparative fault statute, Ark. Code Ann. § 16-64-122, such that, to the extent comparative fault is or may be at issue in this case,[2] Reed's fault is not impermissibly compared with Gilbert's fault in this case.

"[I]n construing any statute, the court should place it beside other statutes relevant to the subject and give it a meaning and effect derived from the combined whole." *Boone County Brd. of Educ. v. Taylor*, 185 Ark. 869, 872 (Ark. 1932). "If statutes relate to the same general subject matter, each one must be read in a manner harmonious with the other, if possible." *Bolden v. Watt*, 290 Ark. 343, 346 (Ark. 1986). "All acts passed upon the same subject . . . must be construed together and made to stand if capable of being reconciled." *Id.* The Court should also consider the

---

[1] The parties conceded this point in *Reed I*.

[2] Malone's asserts in its Answer that "defendant invokes the affirmative defense of comparative fault, both as a bar to recovery and in diminution of damages." (Doc. 4, para. 11).

purpose of a statute and use a basic common sense approach to give each statute its intended meaning. *Id.*; *Broussard v. St. Edward Mercy Health Sys.*, 2012 Ark. LEXIS 20 at *4 (Ark. 2012) ("When construing a statute, we interpret the statute to give effect to the intent of the General Assembly."). The CJRA and the UCATA both address liability of joint tortfeasors. The CJRA, the UCATA, and the comparative fault statute all relate, in part, to determining fault of potentially liable actors. The Court finds that it is possible to read all the statutes together to give effect to them all and to the purpose and intent of the Arkansas legislature in passing each.

The Court finds, as set forth below, that the CJRA, the UCATA, and Arkansas' comparative fault statute may all be construed so as to give effect to each one by allowing for allocation of fault among the parties as contemplated by the CJRA, with a right of contribution under UCATA, while precluding any impermissible comparison of fault under the comparative fault statute. Furthermore, the Court finds that, given the novel issues presented by the facts and procedure of this case, the Supreme Court of Arkansas would construe the statutes as such in order to harmonize the three statutes and to give effect to the intent of the Arkansas legislature.

**A. Contribution**

Malone's asserts a claim for contribution, and an apportionment of fault pursuant to the CJRA, Ark. Code Ann. § 16-55-201, to determine the amount of their several liability as to Reed's claim. Malone's acknowledges that Gilbert has no liability to Reed for Reed's claims of negligence, but argues that Gilbert is a necessary party in order to determine Malone's maximum liability to Reed as contemplated by the CJRA. While Gilbert acknowledges that Malone's Third Party Complaint was timely filed under Rule 14, it argues that the Third Party Complaint should be dismissed because a complaint can only be served on a non-party "who is or may be liable to [the

defendant] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Gilbert argues that Malone's can have no claim against it because any claim is barred by the statute of limitations, and because liability among the parties is several. Gilbert's argument misapprehends the question of whether the CJRA's establishment of several liability under Arkansas law abolished the right of contribution for joint tortfeasors under that statute or, rather, whether Malone's may have a claim for contribution against Gilbert as a joint tortfeasor under the UCATA, Ark. Code Ann. § 16-61-202. This is the issue now facing the Court.[3]

The Arkansas legislature modified the doctrine of joint and several liability under the Civil Justice Reform Action of 2003, which provides that, in actions for personal injury, the liability of each defendant for compensatory or punitive damages is several only. Ark. Code Ann. § 16-55-201(a). While the establishment of several liability under the CJRA may have impacted litigation under the UCATA in many ways, the Court finds that it did not abolish the concept of common liability upon which the right of contribution is predicated nor the right of a severally liable defendant to seek contribution under the provisions of the UCATA in certain circumstances. Because the apportionment of fault provision of the CJRA and the contribution provisions of the

---

[3] The Court also notes that the issue is not precisely as Malone's has framed it. Malone's essentially argues that it should be able to join a party solely in order for fault to be apportioned by the jury under the CJRA. In fact, Malone's goes so far as to suggest that the best way for the Court to handle the situation would be to just allow Gilbert to remain as a nominal party for inclusion on the verdict form without making Malone's even "go through the motion of filing a third party complaint." (Doc. 14, p. 4). However, unless the Court can determine that Gilbert may be liable to Malone's for contribution, allowing Malone's to join Gilbert in this action, by any means, would be akin to allowing the jury to simply apportion fault to a non-party. As will be discussed in this opinion, *infra*, such a mechanism has been ruled unconstitutional by the Supreme Court of Arkansas. The issue, then, notwithstanding Malone's assertions, is whether Malone's has a valid claim for contribution against Gilbert such that their Third Party Complaint can survive dismissal for failure to state a claim. Any alternative mechanism for apportionment of fault is not viable in this case and such mechanisms will, therefore, not be addressed.

UCATA can be reconciled to give effect to each, the Court finds that the abolition of joint and several liability does not extinguish a defendant's right to contribution from other tortfeasors. *See Graber v. Westaway*, 809 P.2d 1126, 1128 (Colo. Ct. App. 1991).

The Court concedes that, generally, defendants who are only exposed to several liability will not have a right to contribution. This is because, however, most jurisdictions - when abolishing joint liability - provide a mechanism under state law to ensure that a severally liable defendant will not pay more than his share of damages as apportioned under the law or by the finder of fact.[4] In abolishing joint liability in personal injury actions, the Arkansas legislature provided such a mechanism. When the Arkansas legislature enacted the CJRA, it included a provision under which fault could be allocated between parties and non-parties so as to determine the amount of a party's several liability. Ark. Code Ann. § 16-55-202. This allowed the comparison of fault of a person or entity "regardless of whether the person or entity was or could have been named as a party." *Id.* As to fault assigned to a non-party, the findings of fault did not subject the non-party to liability in any action or was not to be used as evidence of liability in another action. Ark. Code Ann. § 16-55-202(c)(3). This provision for allocating fault among parties and non-parties, however, was found to be unconstitutional in *Johnson v. Rockwell Automation, Inc.,* 2009 Ark. 241 (Ark. 2009), as encroaching on the judiciary's responsibility to regulate court procedure.

As the law currently stands in Arkansas, in cases where a plaintiff - either by choice or simple inaction - does not bring claims against a potentially liable joint tortfeasor, a defendant has no

---

[4] *See, e.g., Bethel Native Corp. v. Department of the Interior*, 208 F.3d 1171 (9th Cir. 2000) (stating that the Alaska Supreme Court had interpreted the Alaska proportional fault statute to allow a third party claim for apportionment of fault separate and distinct from a claim for contribution); *Mendez-Garcia v. Galaxie Corp.*, 2011 U.S. Dist. LEXIS 127327 (M.D. Fla. 2011) (finding that Florida law allowed a jury to allocate fault among non-parties and that defendant's third party claim for contribution was improper).

recourse under the CJRA to ensure that its fault is properly apportioned. The Court is now faced with the exceptional scenario wherein there currently exists a gap in Arkansas law which leaves Arkansas defendants in personal injury cases vulnerable to the possibility, regardless of the establishment of a several liability scheme, that they will be held liable for more than their share of damages. Since the rationale for disallowing claims under a several liability scheme is generally that defendants will in no case be held liable for more than their share of damages, it follows that defendants who *may* be held liable for more than their share of damages under a several liability scheme should retain a valid claim for contribution.

The CJRA provides that each defendant shall be liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault. Ark. Code Ann. § 16-55-201(b)(1). The maximum amount recoverable against each defendant is the amount of damages recoverable by the plaintiff multiplied by the percentage of "each defendant's fault." Ark. Code Ann. § 16-55-201(c). As the law currently stands in Arkansas, however, a defendant may be vulnerable to paying more than what should be the intended "maximum recoverable." By enacting the CJRA, the Arkansas legislature clearly wished to avoid the situation which potentially faces Malone's in this case where a party is forced to pay more than its percentage of fault. Notwithstanding the fact that Ark. Code Ann. 16-55-202 was declared unconstitutional, the Court believes that Arkansas law can be construed to give effect to the legislature's intent to equitably allocate fault among all of the parties under the particular circumstances of this case. The Court finds that a mechanism allowing for contribution among severally liable joint tortfeasors exists under Arkansas law under the UCATA.

The UCATA provides simply that "[t]he right of contribution exists among joint tortfeasors."

Ark. Code Ann. § 16-61-202. The UCATA defines "joint tortfeasors" as two or more persons *jointly or severally* liable in tort for the same injury. Ark. Code Ann. § 16-61-201 (emphasis added). The language defining joint tortfeasors uses the disjunctive, *jointly or severally*. This disjunctive language does not evince an intent by the Arkansas legislature to require a defendant to establish both joint *and* several liability as a prerequisite to establishing a right of contribution. *See Graber*, 809 P.2d at 1128. A defendant seeking contribution in a tort action may join as a third party defendant in the same action, at the discretion of the court, a person not a party to the action who is or may be liable as a joint tortfeasor to the defendant for all or part of the plaintiff's claim against the defendant. Ark. Code Ann. § 16-61-207(1). Failure to join a potentially liable defendant in the same action, however, will not impair an original defendant's right of contribution. Ark. Code Ann. § 16-61-207(6). The above provisions clearly establish the right of a severally liable defendant to seek contribution from a joint tortfeasor in either the same negligence action or through subsequent litigation. If the CJRA can be read in harmony with the UCATA, the CJRA should not be read to vitiate the rights of defendants established pursuant to the UCATA.

The CJRA and the UCATA can read so as to give effect to the provisions of each. The apportionment of fault provisions of the CJRA are not the exclusive means by which a defendant may litigate his share of liability among tortfeasors. The abolition of joint liability and provision for apportionment of fault under the CJRA may diminish the need for joint tortfeasors to initiate a subsequent action to apportion liability. However, the fact that the CJRA provides a mechanism by which one party may avoid compensating a victim for the portion of that injury attributable to the concurring acts of another tortfeasor is not dispositive of a defendant's right to seek contribution from a joint tortfeasor in a subsequent action under the UCATA upon showing that party to be

severally liable. *See Graber*, 809 P.2d at 1128 (citing *M.R. Watters v. Pelican Intl., Inc.*, 706 F. Supp. 1452 (D. Colo. 1989)). The same principle applies in cases, as here, where a party seeks to litigate its potential right to contribution in the same underlying negligence action by way of third party practice allowed for under the UCATA. "A statute designed to protect a party from bearing more than its proportionate share of damages cannot be read to implicitly bar to [sic] alternative forms of relief from the same injustice." *M.R. Watters*, 706 F. Supp. at 1457-58.

Furthermore, while the UCATA generally allows for contribution among joint tortfeasors on a pro rata basis, as opposed to based on the fact-finder's apportionment of fault, the UCATA provides for an exception where "there is such a disproportion of fault among joint tortfeasors as to render inequitable an equal distribution." Ark. Code Ann. § 16-61-202(2) and (4). In such a case, "the relative degrees of fault of the joint tortfeasors shall be considered . . . for the purpose of determining their rights of contribution . . ." *Id*. This allowance for equitable apportionment of fault is in line with the apportionment of fault provisions of the CJRA.

Having found that, generally, a defendant can retain a right of contribution in a personal injury action in Arkansas, the Court must next address the issue of whether Malone's claim for contribution in this case is time-barred. While the question of common liability is determined as of the time the underlying cause of action accrues, an action for contribution does not accrue until one joint tortfeasor pays more than his share of the common liability. Ark. Code Ann. § 16-61-202(2). A claim for contribution among joint tortfeasors is a derivative or conditional action that does not arise until one party has paid more than its pro rata share of common liability. *Martin Farm Enterprises, Inc. v. Hayes,* 320 Ark. 205 (Ark. 1995). The statute of limitations on a contribution claim does not begin to run until one party has paid more than his share of common liability.

*Heinemann v. Hallum,* 365 Ark. 600 (Ark. 2006).

In this action, any potential claim for contribution by Malone's has not accrued because Malone's has not discharged by payment the common liability of the parties, nor has there been an allocation of fault among the parties from which the amount of damages for which Malone's should be severally liable can be determined. Although Malone's claim for contribution has not yet accrued, the third party practice provisions of the UCATA nonetheless allow a party to join a non-party who it believes may have also been responsible for the tort complained of and to litigate any claims of contribution before actual discharge of common liability. Ark. Code Ann. § 16-61-207; *Martin Farm,* 320 Ark at 209. Malone's therefore has a valid claim for contribution against Gilbert, the contribution claim is not barred by the statute of limitations, and Gilbert may be joined as a third party in this action.

Any claims that Plaintiff Reed may have against Gilbert are barred by the statute of limitations. Therefore, Gilbert cannot be directly liable to Reed in this action. However, the bar of a plaintiff's underlying claim for negligence does not preclude a defendant/third party plaintiff's claim for contribution. *Schott v. Colonial Baking Co.*, 111 F. Supp. 13 (W.D. Ark. 1953) (analogizing the bar of the statute of limitations with the release of a joint tortfeasor under the UCATA and concluding that the bar of the statute of limitations as to plaintiff's claim did not defeat a joint tortfeasor's right of contribution against the tortfeasor whose direct liability was extinguished by the limitations bar). A plaintiff's election to sue only one joint tortfeasor should not destroy a defendant's right to seek contribution from another joint tortfeasor, even when the plaintiff's claim

against the non-party is time barred. *Id.*[5]  Therefore, although in the instant matter Reed is time-barred from bringing a claim against Gilbert, Malone's potential contribution claim has not yet accrued, and therefore cannot yet be barred by any statute of limitations.

For all of the above reasons, the Court finds that Malone's, through its Third Party Complaint has stated a valid claim for contribution against Gilbert. Gilbert has, therefore, been properly made a party in this action, as a Third Party Defendant, under Fed. R. Civ. P. 14(a)(1).  Furthermore, the third party claim may be properly considered by the Court under the third party practice rules set forth in the UCATA, which allow contribution claims to be joined together with an underlying negligence litigation. A.C.A. § 16-61-207.

**B. Allocation of Fault**

As the Court has found that Malone's has a valid claim for contribution against Gilbert, the Court must next determine whether a proper mechanism exists under Arkansas law to allow for allocation of fault amongst the parties. The CJRA's abolition of joint liability in personal injury cases is predicated on the proper allocation of fault among defendants.  The CJRA provides that "[e]ach defendant shall be liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault." Ark. Code Ann. § 16-55-201(b)(1).  "To determine the amount of judgment to be entered against each defendant, the court shall multiply the total amount of damages recoverable by the plaintiff with regard to each defendant by the percentage of each defendant's fault." Ark. Code Ann. § 16-55-201(c)(1).

---

[5] *Schott* can be distinguished from this case in that the *Schott* ruling occurred before the abrogation of joint and several liability for personal injury negligence cases.  In this case, Malone's and Gilbert have several liability only.  However, since the Court has found that a claim for contribution can be predicated on several liability only, this distinction is inapposite to the case at hand, and the reasoning set forth in *Schott* regarding the interplay of the right of contribution and the statute of limitations remains sound.

Although the procedure for allocation of fault is set forth in the CJRA, the Court has ruled that Malone's right of contribution arises under the UCATA. The third party practice rules of the UCATA provide that a third party joint tortfeasor defendant "shall make his or her defense to the complaint of the plaintiff and to the third party complaint in the same manner as defenses are made by an original defendant to an original complaint." Ark. Code Ann. § 16-61-207(1). Under the UCATA, therefore, Gilbert will present his defenses to Malone's Third Party Complaint in the same manner as if he were an original defendant to the case.

Although Malone's claim for contribution arises under the UCATA, as this is a personal injury case, Malone's and Gilbert would be severally liable under the CJRA, and the jury will therefore apportion fault amongst the parties as set forth in the CJRA. In other words, Arkansas law provides a substantive right of contribution under the UCATA for defendants who are severally liable pursuant to the CJRA. While the UCATA provides the mechanism for bringing the claim, the CJRA provides the procedural guidance for the allocation of fault.

Both Malone's and Gilbert can make their arguments to the jury as joint tortfeasor defendants in this case. The jury will then apportion fault amongst the parties by assigning each party a percentage of fault, with the total percentage of fault being 100%.

### C. Comparative Fault

Since the CJRA did not amend Arkansas' existing law in regard to comparative fault, the plaintiff cannot recover if his own fault if determined to be fifty percent (50%) or greater. Ark. Code Ann. § 16-64-122(b)(1-2). The issue confronting the Court in this case is whether Reed's fault may be compared with both Malone's and Gilbert's fault for purposes of the comparative fault statute in order to determine if Reed can recover on his claims at all.

The Arkansas comparative fault statute provides that "[i]n all actions for personal injuries . . . in which recovery is predicated upon fault, liability shall be determined by comparing the fault chargeable to a claiming party with the fault chargeable to the party or parties *from whom the claiming party seeks to recover damages*." Ark. Code Ann. § 16-64-122(a) (emphasis added).

Under the plain language of the statute, a plaintiff's fault may only be compared with the fault of parties from whom the plaintiff seeks to recover damages. Furthermore, the Eighth Circuit has found, in interpreting Arkansas' comparative fault statute, that where a plaintiff does not assert a claim against a third party defendant, the jury should be instructed to compare the fault of the plaintiff and defendant only. *Hiatt v. Mazda Motor Corp.*, 75 F. 3d 1252 (8th Cir. 1996). Under the statute, the risk therefore falls to the plaintiff if the plaintiff does not bring a claim against a potentially liable non-party whether by choice or due to inaction or neglect.

In this case, Reed not only does not but cannot assert a claim against Gilbert due to the running of the statute of limitations. Therefore, for purposes of the comparative fault statute, Reed's fault should be compared only against Malone's.

The issue, then, before the Court is how to reconcile the fact that the jury should not be allowed to compare Gilbert's fault with the other parties' fault under the comparative fault statute, but must be allowed to compare Gilbert's fault with the other parties' fault under the CJRA. The Court finds that no true conflict exists between the two statutes, and the statutes can be reconciled.

The comparative fault statute addresses whether a plaintiff should be able to recover, *at all*, in an action. The allocation of fault provisions of the CJRA address how payment of damages should be apportioned amongst the parties. Allowing for allocation of fault, then, presumes that a finding has already been made that a plaintiff can recover damages in an action. Therefore, the

concepts of comparative fault and allocation of fault are separate and distinct, and the issue of comparative fault must be presented to a jury before any question as to allocation of fault can even arise.

As applied to this case, the above rationale means the jury must first be asked to decide the issue of comparative fault. In making a determination as to comparative fault, the jury would be asked to compare the fault of *only* Reed and Malone's. If the jury finds that Reed is less than 50% at fault in comparison to Malone's, only then would the jury be asked to allocate fault. If the jury is asked to allocate fault, fault would be apportioned by the jury as to all the parties - to include Gilbert. In this way, proper effect is given to both Arkansas' comparative fault statute and the CJRA.

### D. Harmonization

Proper resolution of the issue presented by Gilbert's Motion required reconciliation of three Arkansas statutes: the Uniform Contribution Among Tortfeasors Act, the Civil Justice Reform Act, and the comparative fault statute. As mentioned above, the abolition of joint and several liability under the CJRA does not impact a defendant's right to contribution under the UCATA. Recognizing a right to contribution under the UCATA meets the objectives of the several liability scheme set forth by the CJRA. By allowing the fact finder to allocate fault among the plaintiff, defendant, and third party defendant, there will be an equitable apportionment of fault which will meet the objective of establishing several liability pursuant to the CJRA – that "[e]ach defendant shall be liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault." Ark. Code Ann. 16-55-201. Finally, the comparative fault statute can be given effect, without conflicting with the allocation of fault provisions under the CJRA, by allowing the jury to

first *compare* fault between Reed and Malone's and then, if appropriate, to *allocate* fault amongst all parties.

As a practical matter, since the statute of limitations has run as to Reed's claims of negligence against Gilbert, Gilbert will not be liable to Reed for any damages apportioned by the fact-finder to Gilbert. Should the fact-finder find Gilbert liable in any measure, the only practical effect will be that Malone's liability to Reed will be reduced accordingly, thereby giving effect to the intent of the CJRA. Also, by allowing for fault to be allocated in this action, there will be no need for a separate action for contribution against Gilbert, which is in accord with the third party practice provisions of the UCATA.

For all of the above-stated reasons, the Court finds that, if the Arkansas Supreme Court were to address the unique factual scenario presented by the instant matter, it would rule that a right of contribution remains viable and available to Malone's under the general provisions of the UCATA, as Malone's may potentially have to pay more than its share of damages as contemplated by the CJRA. As Malone's has made a valid Third Party claim for contribution, the Court finds that Gilbert's Amended Motion to Dismiss (Doc. 9) should be DISMISSED.

**III. Conclusion**

IT IS THEREFORE ORDERED that Third Party Defendant Gilbert's Amended Motion to Dismiss the Third Party Complaint (Doc. 9) is DENIED.

IT IS FURTHER ORDERED that Gilbert's Motion to Dismiss (Doc. 8), to the extent that it remains a pending motion, is DENIED AS MOOT.

IT IS SO ORDERED this 22nd day of February, 2012.

*s/P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE