IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL REED                                                                                               PLAINTIFF

v.                                              Case No. 2:11-CV-02135

MALONE'S MECHANICAL, INC.,
an Arkansas Corporation;
and MICHAEL JACOBS                                          DEFENDANTS/THIRD PARTY PLAINTIFFS

v.

GILBERT PROJECT SERVICES, INC.                                                     THIRD PARTY DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Defendants/Third Party Plaintiffs Malone's Mechanical, Inc. and Michael Jacobs's (collectively, "Malone's") Motion for Extension of Deposition Designation Date or for Reconsideration of Order on Motion to Quash (Doc. 34); Motion to Amend/Correct Motion for Extension of Deposition Designation Date or for Reconsideration of Order on Motion to Quash (Doc. 35); Motion for Reconsideration (Doc. 36); and Amended Motion for Reconsideration (Doc. 37). All four of Malone's above-referenced Motions treat the same subject matter, namely, the Court's decision on July 26, 2012 to grant Plaintiff Michael Reed's Motion to Quash (Doc. 26) the deposition of Dr. James Zarr, a Kansas City-based physician. Malone's disagrees with the Court's Order quashing the deposition and has now filed these Motions urging the Court to reconsider. For the reasons set forth below, Malone's Motions (Docs. 34-37) are **DENIED**.

Although not specifically stated in its Motions, the Court presumes that Malone's seeks

reconsideration of the Court's July 26, 2012 Order pursuant to Federal Rule of Civil Procedure 60(b). Under Rule 60(b), a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986).

None of the "exceptional circumstances" envisioned by Rule 60(b) for finding that reconsideration may be warranted are present in this case. Malone's presents no compelling reasons for failing to depose Dr. Zarr within the established deadlines. Indeed, Malone's admits that Dr. Zarr was disclosed by Plaintiff as an expert witness more than two years ago, in January 2010, and that Malone's chose not to depose Dr. Zarr in Kansas City earlier in the litigation, when other witnesses in the case were being deposed there. (Doc. 27). Malone's gave notice to Plaintiff of Dr. Zarr's deposition on July 20, 2012 (Doc. 26-1), well after the Court's June 7, 2012 discovery deadline. The Court's Final Scheduling Order clearly states the following:

> "Discovery should be completed no later than **June 7, 2012.** The parties may conduct discovery beyond this date if all parties are in agreement to do so; however, the Court will not resolve any disputes in the course of this extended discovery."

(Doc. 12). The discovery deadline was then extended to July 7, 2012, on joint motion of the parties.

Though Malone's protests that "medical depositions entail substantial expense that lawyers and clients like to defer until it is practically certain that trial is imminent," such a rationale does not justify or excuse Malone's failure to adhere to the deadlines imposed by the Court's Final Scheduling Order. Moreover, Malone's should not have presumed that Plaintiff would agree to extend the discovery deadline for Malone's convenience less than a month before trial. (Doc. 27).

Malone's contends in its briefing to the Court that depositions taken to preserve the trial testimony of an unavailable witness should be exempt from the pre-trial discovery deadline imposed by the Court. Malone's represents that Dr. Zarr will be unavailable for trial of this matter due to the fact that he lives in Kansas City, some distance from the courthouse where this matter will be tried, and he has a busy schedule. *Id.* The Court finds that, absent a showing of emergency or other compelling reason to allow additional discovery beyond the deadline set by the Court, no distinction shall be made between a deposition used for information gathering and a deposition to be used to preserve the trial testimony of a witness. "Neither the Rules of Civil Procedure nor the Rules of Evidence make any distinction between discovery depositions and depositions for use at trial." *Henkel v. XIM Products, Inc.*, 133 F.R.D. 556, 557 (D. Minn. 1991). Other courts that have examined this issue have similarly concluded that the court's ability to manage litigation would be rendered problematic if trial depositions were not governed by the same pretrial schedule as other depositions. *Id.* at 558; *Insignia Systems, Inc. v. News America Marketing Instore, Inc.*, 2011 WL 282632, *2 (Jan. 26, 2011 D. Minn.) (". . . because defendants had an opportunity to depose the witness, and chose not to do so, they could not go outside the pretrial schedule and depose him at a 'trial deposition' shortly before trial").

Furthermore, as reflected in the Court's July 26, 2012 Order, if the deposition of Dr. Zarr were to be taken on July 31, 2012, as noticed, the parties could not possibly comply with the deposition designation deadlines set forth in the Final Scheduling Order.

Accordingly, for the reasons articulated above, Malone's Motion for Extension of Deposition Designation Date or for Reconsideration of Order on Motion to Quash (Doc. 34) is **DENIED**; Malone's Motion to Amend/Correct Motion for Extension of Deposition Designation Date or for

Reconsideration of Order on Motion to Quash (Doc. 35) is **DENIED AS MOOT**; and Malone's Motion for Reconsideration (Doc. 36) and Amended Motion for Reconsideration (Doc. 37) are also **DENIED**.  Any discovery conducted after the deadline imposed by the Court's Final Scheduling Order may only occur if all parties are in agreement.  This case remains set for jury trial beginning on August 20, 2012.

    IT IS SO ORDERED this 30th day of July, 2012.


*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE